UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-12 MICHAEL TALLEY,

        Defendant.
_____/

Criminal No. 13-20156
HON. George Caram Steeh

## PRELIMINARY ORDER OF FORFEITURE

1. A Superseding Information (Information) was issued on December 3, 2015 charging Defendant MICHAEL TALLEY in Count One with Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

2. Defendant MICHAEL TALLEY entered into a Rule 11 Plea Agreement (Rule 11) in which he agreed to plead guilty to Count One of the Information.

3. As part of this agreement, Defendant MICHAEL TALLEY agreed, pursuant to 21 U.S.C. § 853, to forfeit his interest to the United States in the following:

    (a) any property, real or personal, constituting or derived from any proceeds

1

obtained, directly or indirectly, as a result of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Information;

(b) any property, real or personal, involved in the commission of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Information; and/or

(c) a money judgment, and all traceable interest and proceeds which sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Information (collectively, "Subject Property").

4.      Defendant MICHAEL TALLEY agreed to the entry of a Stipulated Preliminary Order of Forfeiture, at or after the time his guilty plea is entered, with regard to the forfeiture money judgment in the amount of $150,000 and as to any other property identified before sentencing that is subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Information.

5.      In entering into this agreement with respect to forfeiture, Defendant MICHAEL TALLEY knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based upon the Excessive Fines Clause

of the Eighth Amendment to the United States Constitution.

6. Defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

7. Federal Rules of Criminal Procedure 32.2(b)(2)(A) and (B) provide that the court must enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

8. The court finds that defendant property has a sufficient nexus to the offense of conviction and is therefore subject to forfeiture to the United States.

9. Defendant MICHAEL TALLEY is scheduled to be sentenced on April 7, 2016.

NOW THEREFORE, based upon Defendant MICHAEL TALLEY's acknowledgment of criminal forfeiture proceedings against defendant property, Defendant's Rule 11 Plea Agreement and guilty plea, the government's application, and the information in the record,

IT IS HEREBY ORDERED that a money judgment in the amount of $150,000 is hereby entered against Defendant MICHAEL TALLEY in favor of the United States of America;

IT IS FURTHER ORDERED that pursuant to Fed.R.Crim.P. 32.2(c)(1) and (c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant and all other persons upon entry and shall be made part of the sentence and included in the judgment, given that the forfeiture consists entirely of a money judgment and ancillary proceedings are not required.

The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated:  April 7, 2016

s/George Caram Steeh
HON. GEORGE CARAM STEEH
United States District Judge